**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul S. Weber, | ) | No. CIV 04-1453-PCT-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Department of Defense, Washington, D.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Court previously set aside the Judgment entered in this case and permitted Plaintiff pro se to file an amended complaint. (Doc. 9). Plaintiff thereafter filed a document that has been construed on the docket as an amended complaint (Doc. 11) in which Plaintiff alleges that he served in the Army of the United States but did not receive his pay checks during the time he was stationed in Vietnam. Plaintiff contends that he is entitled to eight years of active duty pay for a "One Star General and Pilot."

On May 20, 2005, Defendant filed a motion to dismiss the first amended complaint based on several grounds, including lack of subject matter jurisdiction. (Doc. 12). The docket shows that on June 16, 2005, Plaintiff filed a "letter" with the Court. (Doc. 13). The Court will construe this "letter" as a response to Defendant's motion to dismiss. Plaintiff reiterates in this letter/response that he is seeking checks, that is, back pay, earned while serving in Vietnam, and/or disability benefits.

1  Defendant points out in its motion to dismiss Plaintiff has not set forth in his amended
2 complaint any dates during which he allegedly served in the military in Vietnam. Defendant
3 states that for disability benefit purposes the United States recognizes its involvement in the
4 Vietnam War as between February 28, 1961 and May 7, 1975. (Doc. 12 - motion to dismiss
5 at p. 2, n.3). Defendant contends that, under 28 U.S.C. § 2401(a), every civil action
6 commenced against the United States is subject to a six-year limitations period which runs
7 from the date that the right of action first accrues. Assuming that the Vietnam War ended
8 in 1975, Plaintiff's claim accrued over 23 years ago and is barred by the statute of limitations.
9 The statute of limitations is jurisdictional and must be strictly construed to avoid the
10 prosecution of stale claims. <u>Soriano v. United States</u>, 352 U.S. 270, 273-74 (1957).

11  Defendant additionally contends that Plaintiff has available administrative remedies
12 which he has failed to exhaust. Ordinarily, exhaustion of administrative remedies before
13 reviewing military personnel decisions is required by the Court of Appeals for the Ninth
14 Circuit. See, <u>Cooney v. Dalton</u>, 877 F. Supp. 508, 511 (D. Hawaii 1995); <u>Schowengerdt v.
15 General Dynamics Corp.</u>, 823 F.2d 1328, 1341 (9th Cir. 1987)(citing <u>Muhammad v. Secretary
16 of the Army</u>, 770 F.2d 1494, 1495 (9th Cir.1985)(strict application of the exhaustion
17 requirement in military personnel cases maintains the balance between military authority and
18 the federal courts)). The Army Board for Correction of Military Records (ABCMR) has
19 statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10
20 U.S.C. § 1552(a). This includes the authority to consider claims based on "constitutional,
21 statutory and/or regulatory violations." 32 C.F.R. § 581.3(c)(5)(v). The ABCMR's decisions
22 are subject to review under an arbitrary and capricious standard. <u>Chappell v. Wallace</u>, 462
23 U.S. 296, 303 (1983). Defendant has submitted the declaration of Carl W.S. Chun, the
24 Director of the Army Board for Correction of Military Records, who states that the Secretary
25 of the Army, or his designee, acting upon the ABCMR, can address Plaintiff's request for
26 relief and, if appropriate, can recommend to the Secretary of the Army that relief be granted.
27 Mr. Chun further states that a search of ABCMR records reveals that no claim has been filed
28 by Plaintiff. Moreover, while an application for relief is subject to a three-year limitations

1 period, the limitations period is subject to waiver by the ABCMR if it is determined that such
2 waiver is in the best interest of justice.  Defendant contends that Plaintiff should first be
3 required to exhaust his administrative remedies with the ABCMR so that the agency is
4 afforded an opportunity "to develop the facts, to apply the law in which they are particularly
5 expert, and to correct [its] own errors."  Schlesinger v. Councilman, 420 U.S. 738, 756
6 (1974).  The ABCMR can determine the existence of error or injustice in Plaintiff's records
7 and, if appropriate, recommend corrections to the Secretary of the Army.

8 Plaintiff has not set forth the dates of his alleged military service and it therefore is
9 not clear that his claim is barred by the applicable statute of limitations. Nonetheless, the
10 Court has determined that Plaintiff's cause and action should be dismissed because Plaintiff
11 has not exhausted his administrative remedies which appear to remain available.

12 Defendant's motion to dismiss the first amended complaint is granted.  Dismissal is
13 without prejudice so Plaintiff may pursue available administrative remedies.

14 In the April 11, 2005 Order reopening this case, the Court ordered that "Plaintiff is
15 directed to file all papers and documents relevant to this case in the Clerk's Office so they can
16 be filed of record and docketed in the case file.  Any future letters that Plaintiff sends to the
17 Court ex parte shall be returned to Plaintiff."  Plaintiff has not complied with the Court's
18 Order and has forwarded correspondence directly to the Court. The Clerk shall to return to
19 Plaintiff the correspondence (letters/documents dated August 11, 2005 and August 12, 2005
20 and envelope postmarked September 22, 2005) attached to this Order.

21 **Accordingly,**

22 **IT IS ORDERED** that Defendant's motion to dismiss the first amended complaint
23 (Doc. 12) is granted.

24 **IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (Doc. 11) is
25 dismissed without prejudice.

26 **IT IS FURTHER ORDERED** that the Clerk of Court shall to return to Plaintiff the
27 items of correspondence (letters/documents dated August 11, 2005 and August 12, 2005 and
28 envelope postmarked September 22, 2005).

- 3 -

DATED this 22nd day of March, 2006.

                                        Mary H. Murguia
                                        United States District Judge